UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MANUEL DEJESUS TEJEDA,                          :
                                                :         12CV4928(GBD)
                        Plaintiff,              :
                                                :         COMPLAINT AND
        - against -                             :         DEMAND FOR JURY TRIAL
                                                :
THE CITY OF NEW YORK, JESUS GUZMAN,             :         ECF CASE
and KARL KINDRED,                               :
                                                :
                        Defendants              :
------------------------------------------------------------------x

      Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

### NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Manuel Dejesus Tejeda by the Civil Rights Act of 1871, 42 U.S.C. §1983 and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

      2. Manuel Dejesus Tejeda is a citizen of the United States who was lawfully present in the building at 1113 Walton Avenue, Bronx, New York on August 14, 2010, when he was stopped, searched, assaulted by defendants Jesus Guzman and Karl Kindred, arrested on false charges of Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree and Resisting Arrest, transported first to the 44th Precinct and then to Bronx Central Booking, transported to Lincoln Hospital for treatment of his injuries, and returned to Bronx Central Booking, where he was imprisoned until his arraignment on August 15, 2010. The false charges against plaintiff Manuel Dejesus Tejeda were adjourned in contemplation of dismissal on February 23, 2012. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Jesus Guzman and Karl Kindred can be located in the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Manuel Dejesus Tejeda is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Jesus Guzman is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Jesus Guzman was acting within the scope of his employment by defendant The City of New York.

10. Defendant Karl Kindred is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein defendant Karl Kindred was acting within the scope of his employment by defendant The City of New York.

## STATEMENT OF CLAIMS

12. Plaintiff incorporates by reference paragraphs 1 through 11 of this complaint as though the same were set forth fully herein.

13. On August 14, 2010, plaintiff Manuel Dejesus Tejeda was lawfully present in the building located at 1113 Walton Avenue, in the County of Bronx, City and State of New York.

14. On August 14, 2010, plaintiff Manuel DeJesus Tejeda was descending a stairway in the building located at 1113 Walton Avenue, in the County of Bronx, City and State of New York.

15. As plaintiff Manuel Dejesus Tejeda was descending a stairway in the building located at 1113 Walton Avenue, defendant Jesus Guzman stopped the plaintiff and asked him what he was doing in the building.

16. Plaintiff Manuel Dejesus Tejeda responded to defendant Jesus Guzman that he was coming from his home in the building.

17. Defendant Jesus Guzman thereupon directed plaintiff Manuel Dejesus Tejeda to place his hands against the wall and proceeded to conduct a pat-down search of the plaintiff, removed the plaintiff's sneakers and checked the plaintiff's socks.

18. After conducting the search of plaintiff Manuel Dejesus Tejeda, defendant Jesus Guzman removed the contents of a bag which the plaintiff was carrying.

19. Defendant Jesus Guzman arrested plaintiff Manuel Dejesus Tejeda on false criminal charges of Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree.

20. Plaintiff Manuel Dejesus Tejeda was not in possession of any controlled substance.

21. In the course of arresting the plaintiff, defendant Jesus Guzman seized the plaintiff by an arm, threw him to the floor, and placed a foot in the plaintiff's back.

22. Defendant Karl Kindred subsequently arrived in the stairway and placed his foot in the plaintiff's back.

23. Defendant Jesus Guzman then pulled the plaintiff Manuel Dejesus Tejeda's hands behind his back and struck the plaintiff numerous times.

24. As a result of the foregoing, plaintiff Manuel Dejesus Tejeda sustained serious injury, including a fractured rib.

25. Defendant Jesus Guzman placed plaintiff Manuel Dejesus Tejeda in a police vehicle and transported the plaintiff to the 44th Precinct.

26. Plaintiff Manuel Dejesus Tejeda was subsequently transported to Bronx Central Booking, to Lincoln Hospital for treatment of his injuries, and then back to Bronx Central Booking, where he continued to be imprisoned until his arraignment on August 15, 2010.

27. On August 15, 2010, defendant Jesus Guzman falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Manuel Dejesus Tejeda had possessed a large quantity of zip lock bags containing crack cocaine and had resisted arrest.

28. The purpose of the statement made by defendant Jesus Guzman to an Assistant District Attorney was to secure the institution of a criminal proceeding against plaintiff Manuel Dejesus Tejeda and to extend the period of his imprisonment.

29. The charges brought by defendant Jesus Guzman against plaintiff Manuel Dejesus Tejeda were false.

30. The imprisonment of plaintiff Manuel Dejesus Tejeda continued as a result of the false statement made by defendant Jesus Guzman to an Assistant District Attorney in the office of

the Bronx County District Attorney.

31. On August 15, 2010, defendant Jesus Guzman instituted a criminal proceeding against plaintiff Manuel Dejesus Tejeda, under the name Tejeda Dejesus, in Bronx Supreme Court, Criminal Division, under docket number 2010BX051706.

32. On August 15, 2010, plaintiff Manuel Dejesus Tejeda was arraigned before a judge of the Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

33. On February 23, 2012, the criminal charges against plaintiff Manuel Dejesus Tejeda were adjourned in contemplation of dismissal.

## COUNT ONE
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as though the same were set forth fully herein.

35. Defendants Jesus Guzman and Karl Kindred used excessive and unreasonable force against plaintiff Manuel Dejesus Tejeda.

36. The level of force used by the defendants was objectively unreasonable.

37. The use of excessive force by the defendants Jesus Guzman and Karl Kindred deprived plaintiff Manuel Dejesus Tejeda of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States.

38. Defendants Jesus Guzman and Karl Kindred were acting under color of state law when they used excessive force against plaintiff Manuel Dejesus Tejeda.

39. The defendants deprived plaintiff Manuel Dejesus Tejeda of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

40. As a result of the defendants' use of excessive force, plaintiff Manuel Dejesus Tejeda sustained serious physical injury.

41. As a result of the defendants' use of excessive force, plaintiff Manuel Dejesus Tejeda experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TWO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

42. Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as though the same were set forth fully herein.

43. The seizure, arrest, detention and imprisonment of plaintiff Manuel Dejesus Tejeda were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

44. The seizure, arrest, detention and imprisonment of plaintiff Manuel Dejesus Tejeda were made without probable cause to believe that the plaintiff had committed a crime.

45. The charges upon which defendants Jesus Guzman and Karl Kindred arrested plaintiff Manuel Dejesus Tejeda were false.

46. The charges were made by defendants Jesus Guzman and Karl Kindred against plaintiff Manuel Dejesus Tejeda with knowledge that they were false.

47. Plaintiff Manuel Dejesus Tejeda was aware of his seizure, arrest, detention and imprisonment by defendants Jesus Guzman and Karl Kindred.

48. Plaintiff Manuel Dejesus Tejeda did not consent to his seizure, arrest, detention or imprisonment.

49. As a result of the foregoing, plaintiff Manuel Dejesus Tejeda was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and

was subjected to embarrassment and humiliation.

50. The seizure, arrest, detention and imprisonment of plaintiff Manuel Dejesus Tejeda deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

51. Defendants Jesus Guzman and Karl Kindred were acting under color of state law when they seized, arrested and imprisoned plaintiff Manuel Dejesus Tejeda.

52. Defendants Jesus Guzman and Karl Kindred deprived plaintiff Manuel Dejesus Tejeda of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Manuel Dejesus Tejeda on false criminal charges.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though the same were set forth fully herein.

54. The acts complained of were carried out by defendants Jesus Guzman and Karl Kindred in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by defendants Jesus Guzman and Karl Kindred in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under

the supervision of ranking officers of said department.

56. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

57. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests for possession of controlled substances and for resisting arrest;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

58. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

59. The arrest, subjection to excessive force, and imprisonment of plaintiff Manuel Dejesus Tejeda on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

60. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

61. Defendant The City of New York deprived plaintiff Manuel Dejesus Tejeda of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards of probable cause for warrantless arrests.

62. The aforesaid conduct of defendant The City of New York violated plaintiff Manuel Dejesus Tejeda's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

63. Plaintiff incorporates by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Jesus Guzman and Karl Kindred are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

65. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

66. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

67. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

68. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Manuel Dejesus Tejeda would be violated.

69. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Manuel Dejesus Tejeda.

70. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

71. Defendant The City of New York deprived plaintiff Manuel Dejesus Tejeda of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property

without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       June 22, 2012

*Eugene M. Bell*
Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100